JANET M. HEROLD
Regional Solicitor
JOSEPH M. LAKE Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA
(415) 625-7758
FAX (415) 625-7772

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>          Plaintiff,<br>     v.<br><br>CASA GUADALUPE, a corporation; and PEDRO GIL, an individual,<br><br>          Defendants. | HON. DONNA M. RYU<br><br>Case No.: 4:12-cv-04877-DMR<br><br>**CONSENT JUDGMENT** |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants Casa Guadalupe and Pedro Gil (together "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.   The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA").  29 U.S.C. § 207, 211(c), 215(a)(2) and (5).

*Consent Judgment*                                                   1

B. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

F. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the period from May 21, 2010, to July 28, 2012, by employing at least twenty-five employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

G. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the period from May 21, 2010, to July 28, 2012, and 15(a)(5) of the Act by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act. Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1     1.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any
2  of their employees who in any workweek are engaged in commerce or the production of goods
3  for commerce, or who are employed in an enterprise engaged in commerce or in the production
4  of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,
5  unless such employee receives compensation for his employment in excess of forty hours at a
6  rate not less than one and one-half times the regular rate at which he is employed.

7     2.      Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act fail to
8  make, keep and preserve records of their employees and of the wages, hours, and other
9  conditions and practices of employment maintained by them as prescribed by the regulations
10 found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section
11 11(c) of the Act.

12    3.      Defendants shall not withhold payment of $99,162.83 which represents the unpaid
13 overtime compensation hereby found to be due, for the period from May 21, 2010, to July 28,
14 2012, to the present and former employees named in Exhibit A, attached hereto and made a part
15 hereof, in the amounts set forth therein.

16    4.       Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly,
17 any employee to return or to offer to return to the Defendants or to someone else for the
18 Defendants, any money in the form of cash, check, or any other form, for wages previously due
19 or to become due in the future to said employee under the provisions of this judgment or the Act;
20 nor shall Defendants accept, or receive from any employee, either directly or indirectly, any
21 money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to
22 said employee under the provisions of this judgment or the Act; nor shall Defendants discharge
23 or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against
24 any such employee because such employee has received or retained money due to him from the
25 Defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the defendants in the total amount of $110,070.72.

5. Defendants CASA GUADALUPE and PEDRO GIL shall pay to the Secretary the sum of $99,162.83, which represents the unpaid overtime compensation hereby found to be due, for the period from May 21, 2010, to July 28, 2012, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

6. Defendants shall further pay to the Secretary as liquidated damages the additional sum of $10,907.89 hereby found to be due, for the period from May 21, 2010, to July 28, 2012, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

7. In addition, Defendants agree to pay $11,687.50 as civil money penalties to the Secretary for repeat and willful violations of Section 7 of the Act for the period from May 21, 2010, to July 28, 2012. Such penalties are authorized by Section 16(e)(2) of the FLSA. This amount represents $467.50 for each of Defendants' present and former employees named in Exhibit A.

8. The provisions of paragraphs 3, 5, 6, and 7 of this Consent Judgment will be deemed satisfied where Defendants comply with the following provisions:

a. Within ten calendar days of the entry of this Consent Judgment, Defendants shall deliver a schedule containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

b. Within ten calendar days of the entry of this Consent Judgment, Defendants shall pay the civil money penalty described in paragraph 7 by delivering a cashier's check or money order in the amount of $11,687.50 with the firm name of Casa Guadalupe and "civil money penalties" written on it, payable to the order of the "Wage & Hour Div., Labor." Defendants

1  shall deliver this payment to Director Susana Blanco, Wage and Hour Division, United States
2  Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103.
3      c.    Within ten calendar days of the entry of this Consent Judgment, Defendant shall
4  initiate repayment of the back wages and liquidated damages described in paragraphs 5 and 6
5  above by delivering a cashier's check or money order in the amount of $3,312.50 with the firm
6  name of Casa Guadalupe and "Back Wages, Liquidated Damages, and Interest" written on it,
7  payable to the order of the "Wage & Hour Div., Labor."  Defendants shall deliver this payment,
8  as well as the schedule described in subparagraph 8(a), to Director Susana Blanco, Wage and
9  Hour Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San
10 Francisco, California 94103.
11     d.    Defendants shall pay the remaining back wages and liquidated damages, plus 1%
12 annual interest, in thirty (30) monthly installments due on or before the fifteenth day of every
13 month (i.e., November 15, December 15, etc.), beginning November 15, 2012, until April 15,
14 2015.  Defendants shall pay these installments each month by delivering to Director Susana
15 Blanco, Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Suite
16 12-100, San Francisco, California 94103 a cashier's check or money order in the amount of
17 $3,603.09 with the firm name of Casa Guadalupe and "Back Wages, Liquidated Damages, and
18 Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," as well as the
19 schedule described in subparagraph 8(a), for thirty (30) consecutive months.  Defendants may
20 pay the remaining balance due in full at any time with no additional penalty or interest.
21     e.    In the event of any default in the timely making of any payment due under this
22 Consent Judgment, the full gross amount (under the back wage provisions of this Judgment) that
23 then remains unpaid (plus post-judgment interest, from the date of this Judgment until the full
24 amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding from
25 time to time, from the date of this Judgment until this Judgment is paid in full) shall become due

and payable upon Plaintiff sending by ordinary mail a written demand to the last business address of the Defendants known to the Plaintiff; the manner of the immediate payment shall in the case of the back wages and liquidated damages be a certified or cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages and liquidated damages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage interest" written thereon payable to the order of the "Wage & Hour Div., Labor."

9. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies.

10. Within ten calendar days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B at each of Defendants' establishments for no less than one-hundred eighty (180) days. Exhibit B summarizes terms of this Judgment and the employees' rights under the FLSA. The English and Spanish version is attached, and both versions must be posted at each of Defendants' establishments.

11. Within thirty days of the entry of this Consent Judgment, each of Defendants' supervisors and managers, including Defendant Pedro Gil, shall attend a training provided by the Secretary.

    (a) The training will be developed and administered by the U.S. Department of Labor, Wage and Hour Division ("Wage and Hour Division"), San Francisco, California office;

    (b) The training will take place at the offices of the Wage and Hour Division, located at 90 Seventh Street, Suite 12-100, and shall be given not later than December 1, 2012;

    (c) The training will be part of the hours worked of each training attendee;

    (d) Travel to and from the training shall be part of the hours worked of each training attendee;

    (e) The training shall be no more than three hours in duration;

    (f) The content of the training will be determined by the Wage and Hour Division, and shall include training in the laws enforced by the Wage and Hour Division;

    (g) The Wage and Hour Division will notify Defendants no fewer than ten business days prior to the date of the training, when the training will take place;

    (i) Because only Defendants will know how many individuals meet the definition of a training attendee, in the event Defendants anticipate more than fifteen training attendees, Defendants shall notify the Wage and Hour Division no later than ten business days prior to the date scheduled for the training, the number of attendees.

12. No later than August 1, 2013, Defendant CASA GUADALUPE shall provide the Wage and Hour Division with an audit of compliance with the FLSA, and regulations issued under the FLSA, to be conducted by a third-party monitor hired at Defendants' expense. The

third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to Defendants' compliance with the FLSA.

      (a)     Before the third-party monitor begins work, the Defendants shall provide the identity and *curriculum vitae* of said proposed third-party monitor, to the District Director of the Wage and Hour Division's San Francisco office, for their concurrence. The Division shall have the right to reject the selected monitor and direct Defendants to select and propose a different monitor.

      (b)     The third-party monitor shall have the ability to communicate with Defendants' workers in their native language, or, shall be provided with an interpreter as necessary at Defendants' expense.

      (c)     Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of Defendants' workers and to payroll and time records.

      (d)     If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due on its next regularly scheduled payroll.

      (e)     If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that Defendants take action, to comply with the FLSA, or regulations issued under the FLSA, Defendant shall do so.

      (f)     The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers; such interviews, and other communications between workers and the monitor, may be kept confidential (except as to authorized representatives of the U.S. Department of Labor) at the option of each worker; and copies of all notes and interviews

1  conducted by the monitor be turned over to the District Director, San Francisco District Office,

2  U.S. Department of Labor, along with the annual audit report.

3        (g)      Discrimination or retaliation by Defendants against workers for

4  cooperating or communicating with the third-party monitor is prohibited to the fullest extent of

5  29 C.F.R. § 215(a)(3).

6        (h)      The workers shall have the right to have a representative of their choosing

7  accompany the third-party monitor on his/her inspections of the worksite.

8        (i)      Defendants shall conduct an additional audit to be completed by August 1,

9  2014, and a final audit on April 15, 2015, in accordance with all of the requirements identified

10  herein.

11        (j)      Defendants' contract with the third-party monitor shall include the

12  provisions of this paragraph.

13      13.    The filing, pursuit, and/or resolution of this proceeding with the filing of this

14  Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the

15  FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the

16  Consent Findings and incorporated hereto by reference, nor as to any employee named on the

17  Exhibit A for any period not specified herein for the back wage recovery provisions.

18      14.    Each party shall bear all fees and other expenses (including court costs) incurred

19  by such party in connection with any stage of this proceeding to date.

1    ORDERED that this Court shall retain jurisdiction of this action for purposes of
2    enforcing compliance with the terms of this Consent Judgment.
3
4    Dated this ___28th___ day of ___September___, 2012.
5
6                                              IT IS SO ORDERED
                                               _____
7                                              U.S. DISTRICT JUDGE
                                               Judge Donna M. Ryu
8    Dated:                                    Dated: 9/__/12
9
10   _____
     PEDRO GIL — 9-17-12                       M. PATRICIA SMITH
11   PEDRO GIL                                 Solicitor of Labor
     Individually and on behalf of Casa Guadalupe,    JANET M. HEROLD
12   Inc.                                      Regional Solicitor
13
14                                             _____
                                               JOSEPH M. LAKE
15                                             Trial Attorney
                                               Attorneys for U.S. Department of Labor

*Consent Judgment*                        10

**EXHIBIT A**

| Employee Name | Gross Back Wages | Gross Liquidated Damages | Gross Interest | Total Due |
|---|---|---|---|---|
| Acabal, Pedro | $1,920.00 | $211.20 | $53.38 | $2,184.58 |
| Candell, Celia | $1,843.23 | $202.76 | $53.38 | $2,099.37 |
| Cardon, Juan | $307.20 | $33.79 | $53.38 | $394.37 |
| Castillo, Maria | $5,832.18 | $641.53 | $53.38 | $6,527.09 |
| Chable Cocun, Carmen | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Chaves, Arturo | $5,524.98 | $607.75 | $53.38 | $6,186.11 |
| Chocon, Luis | $2,724.30 | $299.67 | $53.38 | $3,077.35 |
| Cruz, Demetrio | $6,230.52 | $685.36 | $53.38 | $6,969.26 |
| Estrada, Linda | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Federico, Richard | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Hsu, Alicia | $552.96 | $60.83 | $53.38 | $667.17 |
| Linares-Soto, Ruben | $1,720.32 | $189.24 | $53.38 | $1,962.94 |
| Lopez, Salvador | $773.76 | $85.11 | $53.38 | $912.25 |
| Morales, Jorge | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Nunez, Luis | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Pacheco, Felipe | $1,703.46 | $187.38 | $53.38 | $1,944.42 |
| Perez, Maria | $881.10 | $96.92 | $53.38 | $1,031.40 |
| Perez, Justiniano | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Rafaile, Freddy | $1,842.20 | $202.64 | $53.38 | $2,098.22 |
| Rafaile, Juan | $5,832.18 | $641.54 | $53.38 | $6,527.10 |
| Rafaile, Santo | $3,724.02 | $409.64 | $53.38 | $4,187.04 |
| Reyes, Martha | $5,832.18 | $641.54 | $53.38 | $6,527.10 |
| Torres, Norma | $6,876.66 | $756.43 | $53.38 | $7,686.47 |
| Vasquez, Jose | $1,938.42 | $213.23 | $53.38 | $2,205.03 |
| Vega, Luis | $1,843.20 | $202.75 | $53.38 | $2,099.33 |
| TOTAL: | $99,162.83 | $10,907.89 | $1,334.48 | $111,405.20 |

Exhibit B

# LEGAL NOTICE TO ALL EMPLOYEES

The Department of Labor conducted an investigation of CASA GUADALUPE, and determined that employees were owed back wages and liquidated damages for their employment during the period of May 21, 2010, to July 28, 2012. CASA GUADALUPE has agreed voluntarily to pay the penalties, back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over 40 in a workweek. All hourly employees are entitled to overtime when they work over 40 hours.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.

# AVISO LEGAL A TODOS LOS EMPLEADOS

El Departamento de Trabajo condujo una investigación de CASA GUADALUPE y determinó que los empleados están debidos salarios retroactivos y daños liquidados por su empleo durante el período de 21 de mayo, 2010 hasta el 28 de julio, 2012. CASA GUADALUPE se ha puesto de acuerdo voluntariamente y está dispuesto a pagar las multas, los salarios retroactivos, y los daños liquidados calculados por el Departamento. También, está dispuesto a tomar pasos positivos para cumplir con la Ley de Normas Justas de Trabajo.

La **Ley de Normas Justas de Trabajo** establece que todos los empleados tienen que ser pagados **el salario mínimo** por todas las horas que han trabajado. Además, todos los empleados tienen que recibir **sobretiempo** después de 40 horas de trabajo en una semana, que es 1 ½ veces la tasa regular de pago normal del empleado. Todos los empleados que reciben salario por horas tienen derecho a sobretiempo cuando trabajan más de 40 horas por semana.

**Si usted piensa que no está siendo pagado de acuerdo con la ley**, puede llamar al Departamento de Trabajo, Sección de Horas y Sueldos, a (415) 625-7720 o a 1-866-4-USWAGE (1-866-487-9243); su identidad es confidencial.